NOLAN,* Appellee and Cross–Appellant,

v.

SUTTON, d.b.a. Jamco, Appellant and Cross–Appellee.

[Cite as *Nolan v. Sutton* (1994), 97 Ohio App.3d 616.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–930467, C–930479.

Decided Oct. 12, 1994.

---

* We note that in appeal number C–930467 the Notice of Appeal is incorrectly captioned "State of Ohio vs. Marylin Sutton."

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* and *Theresa Groh,* for appellee and cross-appellant.

*Timothy A. Smith,* for appellant and cross-appellee.

*Per Curiam.*

These two appeals stem from the trial court's summary judgment awarding $80 in damages and $500 in attorney fees to the plaintiff-appellee/cross-appellant Kate Nolan ("the tenant") in an action Nolan initiated against her former landlord, defendant-appellant/cross-appellee Marylin Sutton, d.b.a. "Jamco," ("the landlord") for the alleged wrongful retention of $40 from a $460 security deposit.

The record reflects that in January 1992, the tenant entered into a rental agreement with the landlord for an apartment located on Duncan Avenue in Cincinnati, Ohio. As provided by the terms of the agreement, the tenant paid $460 as a security deposit. By written notice dated September 29, 1992, the tenant apprised the landlord of her intent to terminate the rental agreement, and she vacated the premises on October 31, 1992. The landlord sent the tenant a check, dated November 29, 1992, for $420 as a partial return of the $460 security deposit. The landlord also furnished the tenant with a document entitled "Security Deposit Transmittal," which stated that $40 had been deducted from the $460 deposit.

The tenant filed a complaint against the landlord in small claims court seeking, pursuant to R.C. 5321.16, the return of the $40 withheld from the security deposit, an additional $40 in damages and attorney fees. The case was transferred to the Hamilton County Municipal Court upon the landlord's motion, and both parties then moved for summary judgment. The trial court overruled the landlord's motion and granted summary judgment in the tenant's favor, ordering the landlord to pay the requested $80 in double damages plus $500 of the $4170 sought by the tenant for attorney fees.

The separately filed appeals of the parties have been consolidated. The landlord presents three assignments of error for our review, and the tenant advances one.

The landlord's first assignment of error alleges that the trial court erred by overruling her motion for summary judgment. Her second assignment asserts that the trial court erred in granting the tenant's motion for summary judgment. We will consider these assignments together.

In her motion for summary judgment, the tenant was willing to accept that the list was sent on time. Thus, the sole issue in this case is whether the $40 was lawfully withheld from the tenant's security deposit. The landlord argues that summary judgment in favor of the tenant was improper on this subject because the landlord's affidavit either created a factual dispute on this issue or proved as a matter of law that the deduction was proper. We disagree, and uphold the trial court's grant of summary judgment to the tenant.

Upon termination of a rental agreement, R.C. 5321.16(B) allows a landlord to make deductions from a tenant's security deposit for two reasons. One is for damages suffered for noncompliance with R.C. 5321.05, which lists the tenant's statutory obligations; the other is for damages suffered for noncompliance with the lease agreement. In this case there is no claimed violation of R.C. 5321.05; hence the only justification offered by the landlord for the deduction was noncompliance with the lease agreement. The lease provision pertinent to this case is paragraph four, which provides that the deposit shall be returned "upon vacating the property in as good condition as when rented, less any charges for clean-up and less repair of any damages to the property, reasonable use and ordinary wear and tear excepted."

Under R.C. 5321.16(B), any security-deposit deductions must be itemized. Under R.C. 5321.16(C), a failure to comply with R.C. 5321.16(B) can subject a landlord to damages in double the amount wrongfully withheld, plus reasonable attorney fees. The Ohio Supreme Court, in *Vardeman v. Llewellyn* (1985), 17 Ohio St.3d 24, 17 OBR 20, 476 N.E.2d 1038, made it clear that the double damages awarded under this section apply only to the amount wrongfully withheld, not to the entire amount of the security deposit. Thus, in the case before us, if the $40 were wrongfully withheld, the tenant would be entitled to $80 in damages, plus reasonable attorney fees.

We hold that the itemization in this case, "$40–cleaning," is insufficient as a matter of law to meet the landlord's burden under R.C. 5321.16(B) and (C), and that, thus, the trial court properly granted summary judgment to Nolan, the tenant. We believe that under the statutory scheme established under the landlord/tenant law, the sufficiency of the itemization must be determined at the time it is sent to the tenant, not at the time it may later be clarified through discovery in a lawsuit.

In the case at bar, there is simply no way to determine from the "Security Deposit Transmittal" form received by the tenant whether the $40 for cleaning was due to ordinary wear and tear or something above that. As stated by the supreme court in *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737, 742:

"A landlord should not be allowed to escape the intent underlying the R.C. 5321.16(C) penalties by making a list of deductions. A landlord will not be deterred from making unfounded deductions from a security deposit if the penalties provided by R.C. 5321.16(C) can be avoided by tendering a list of facially justifiable reasons for the deductions." See, also, *Albreqt v. Chen* (1983), 17 Ohio App.3d 79, 17 OBR 140, 477 N.E.2d 1150 ("in the absence of an affirmative showing by way of itemization (see R.C. 5321.16[B] ), that there was a

specific need to clean the carpet, appellant's unilateral deduction was improper"), and *Swartz v. Luker* (Dec. 30, 1991), Clermont App. No. CA91–07–051, unreported, 1991 WL 278243.

As to the issue of attorney fees, which was raised in the landlord's third assignment as well as in the sole assignment of error in the tenant's cross-appeal, we again begin with the statute. Pursuant to R.C. 5321.16(C), if a landlord fails to comply with R.C. 5321.16(B), as we have expressly so held in this case, the tenant is entitled to reasonable attorney fees. The tenant argues that the trial court erred in awarding her only $500 rather than the $4170 she requested. She contends that because there was no challenge to the number of hours spent or to her attorney's hourly rate, she is entitled to the full amount sought. We disagree. As it has held in other areas where attorney fees are to be awarded, the Ohio Supreme Court has held in the landlord/tenant context that the amount of attorney fees to be awarded is within the sound discretion of the trial court and shall not be reversed except upon a finding of abuse of that discretion. *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, paragraph four of the syllabus. Abuse of discretion connotes more than a mere error of law or judgment, it implies an attitude by the trial court which is arbitrary, unreasonable, or unconscionable. *Ruwe v. Board of Township Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 443, 505 N.E.2d 957, 959.

In *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464, syllabus, the court pronounced the procedure for setting attorney fees, stating that after calculating the number of hours reasonably expended on the case times an hourly rate, the court may modify that amount by any pertinent factors listed in DR2–106(B), which include, among others, the novelty and difficulty of the questions involved, the fee customarily charged, the amount involved and the result obtained. *Id.* at 145–146, 569 N.E.2d at 467. The court expressly admonished the appellate court not to interfere "[u]nless the amount of fees determined is so high or so low as to shock the conscience." *Id.* at 146, 569 N.E.2d at 467. (Citing *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* [1985], 23 Ohio App.3d 85, 91, 23 OBR 150, 155–156, 491 N.E.2d 345, 351–352). In his concurring opinion in *Smith, supra,* Justice Wright suggested that in awarding attorney fees under R.C. 5321.16 there should be some rational relationship between the attorney fees, the amount of the security deposit, and the amount wrongfully withheld therefrom. See, also, *McGregor v. Armeni* (Nov. 20, 1990), Franklin App. No. 89AP–1500, unreported, 1990 WL 179981.

While this matter appears to have been excessively protracted and acrimonious given the amount at stake, the trial court was, by far, in the best position to assess all the pertinent factors in awarding a reasonable attorney fee. We hold that the court did not abuse its discretion in the award it made.

The tenant, Nolan, also asks, by way of relief, for attorney fees for the appeal. As we do not find this to be a frivolous appeal, we decline to make such an award. App.R. 23.

There being no merit to any issues raised in either the appeal or the cross-appeal, the judgment of the trial court is affirmed.

*Judgment affirmed*

KLUSMEIER, P.J., GORMAN and M.B. BETTMAN, JJ., concur.