DECISION
Defendant-appellant, F W Properties, appeals from a judgment of the Franklin County Municipal Court granting summary judgment for plaintiff-appellee, Brian Zeallear, in appellee's action under the Ohio Landlord-Tenant Act to recover a rental security deposit from appellant, his former landlord. Also before the court is appellee's motion for an award of attorney fees for this appeal.
Appellee, his girlfriend Leanne Gargett, and Robert Hoersdig, together entered into a one-year lease with appellant for a residence located at 1055-B Neil Avenue in Columbus, Ohio. The co-tenants collectively paid a $600 security deposit and appellee individually paid an additional $100 "pet deposit" under a "pet addendum" noted in the lease. For purposes of this action, Gargett later executed an assignment of her rights in the security deposit to appellee.
The initial term of the lease was for one year ending February 28, 1998. After expiration of the one-year term, the tenants remained in the property on a month-to-month basis but appellee and Gargett soon thereafter gave notice on March 27, 1998, of their intent to move out at the end of April. Hoersdig planned to remain in the property and eventually entered into a new lease along with two new co-tenants, Shawn Wool and David Robinson. Hoersdig, Wool and Robinson were eventually joined as third-party defendants by appellant in the present action but ultimately dismissed and are not parties to this appeal.
When appellee inquired about his and Gargett's shares of the security deposit upon vacating the premises, appellant apparently refused to return the security deposit on the pretext that as long as one of the three original tenants remained on the premises, the landlord was under no obligation to return the proportionate shares of the two departed tenants, despite the execution of the new lease with the sole remaining original tenant and two new co-tenants. According to appellee, appellant's agent suggested that appellee and Gargett recoup their shares of the security deposit from the new tenants. Appellee concedes that he did not provide written notice to appellant of his forwarding address until July 2, 1999. It is undisputed that no portion of the security deposit was ever returned to appellee or Gargett.
Appellee then commenced the present action in the small claims division of the Franklin County Municipal Court The case was eventually transferred upon motion of appellant to the regular division of the municipal court, where appellee filed his motion for summary judgment. By decision and judgment entry dated June 16, 1999, the trial court granted summary judgment for appellee. The court found that appellee was entitled to the return of his and Gargett's share ($400) of the $600 security deposit upon termination of their tenancy, and that appellee was also entitled to the return of his $100 pet deposit. The court found that the landlord had not established any basis for withholding the deposits, and that these amounts were therefore "wrongfully withheld" as defined in R.C. 5321.16(B). Pursuant to R.C.5321.16(B) and (C), the court found that, the deposits having been wrongfully withheld, appellee was entitled to double damages totaling $1,000 and attorney fees. After a subsequent hearing to hear evidence on fees, the court awarded attorney fees in the amount of $1,502. The court's second judgment entry in the case accordingly noted the previously awarded damages in the amount of $1,000, set attorney fees in the amount of $1,502, and further noted that "judgments herein shall accrue interest at the rate of 10% per annum." The trial court entered yet another judgment entry on September 28, 1999, dismissing all third party defendants, setting damages again at $1,000, and setting a slightly lower figure for attorney fees, $1,493. Although not clearly stated, the court again appears to have imposed interest on the fee portion of the award. It is from this final judgment that appellant brings the present appeal, setting forth the following four assignments of error:
 1. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE ON THE ISSUE OF THE WRONGFUL WITHHOLDING OF THE PLAINTIFF'S SECURITY DEPOSIT BY THE DEFENDANT.
 2. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE ON THE ISSUE OF STATUTORY DOUBLE DAMAGES PURSUANT TO ORC SECTION 5321.16(B) AND (C).
 3. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED JUDGMENT TO PLAINTIFF/APPELLEE FOR ATTORNEY FEES IN THE SUM OF $1,502.00 (OR $1,493.00).
 4. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED JUDGMENT TO PLAINTIFF/APPELLEE FOR INTEREST AT 10% PER ANNUM ON THE AWARD OF ATTORNEY FEES.
Initially, we note that the present matter was decided upon summary judgment. Pursuant to Civ.R. 56(C), a motion for summary judgment shall be granted if: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party. Davis v.Loopco Industries, Inc. (1993), 66 Ohio St.3d 64. An appellate court will independently review the pleadings and evidentiary material submitted to the trial court and apply the same standard to determine whether the materials established a genuine issue of material fact before the trial court. Lorain Natl. Bk. v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
Appellant's first assignment of error asserts that the trial court erred in granting summary judgment for appellee because appellee and Gargett's shares of the security deposit were not "wrongfully withheld." Appellant asserts that the landlord had the right to retain the entire security deposit after appellee and Gargett's departure, that when the premises were ultimately vacated by the three subsequent tenants on January 14, 1999, the landlord found substantial damage to the premises, which would justify a set-off against the security deposit, and that the pet deposit was in any case non-refundable. Specifically, with respect to retention of the entire security deposit, appellant argues that since it was established by affidavit that one of the initial co-tenants, Hoersdig, remained as an occupant, the entire security deposit remained in effect with the new lease signed by Hoersdig and his two new co-tenants, Wool and Robinson.
The pertinent parts of the Ohio Landlord Tenant Act, codified at R.C. 5321.01 et seq., are R.C. 5321.16(B) and (C), providing as follows:
 (B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
 (C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.
The Ohio Supreme Court has stated that the General Assembly's intent in enacting the above provisions was "to provide a penalty by way of damages and reasonable attorney fees against a noncomplying landlord for the wrongful withholding of any or all of the security deposit." Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24,28. In a later case, the Supreme Court further stated that the deterrent effect of the statute would be removed if a landlord were able to avoid the penalties of double damages and attorney fees by merely tendering a list of facially justifiable reasons for the deductions. Smith v. Padgett (1987), 32 Ohio St.3d 344,349.
In this statutory context, the issues before us today in connection with appellant's first assignment of error are two-fold: first, whether a landlord can, based upon a carry-over co-tenant occupying the premises under a new lease with new co-tenants, retain a proportionate share of a security deposit belonging to former co-tenants under a previous lease who vacated the premises in accordance with the terms of that lease; and, second, whether property damage ascertained by the landlord at the end of occupancy by the subsequent co-tenants will justify deductions from the initial security deposit. We answer both questions in the negative.
Clearly, after appellee and Gargett terminated their tenancy, duly giving thirty-day notice as required in the lease, and paying rent owed through the term of their tenancy, they were no longer "tenants" as defined in the lease or under Ohio law, and their security deposit was returnable at that time. The situation was rendered all the more clear by appellant's execution of a new lease with the sole holdover tenant and his two new co-tenants. The landlord's course of action at that time would have been to ascertain the state of the premises, make any lawful deductions from the security deposit based upon that inspection and other factors, such as past due rent, and return the proportionate balance of the security deposit to the departing tenants. Instead, appellant attempted to treat the new lease as a continuation of the old one, for which appellee and Gargett were responsible, and encouraged appellee to attempt to recoup his share of the security deposit from the new tenants. Even if we were to accept appellant's contention that the security deposit was not severable among the tenants by the terms of the lease, and was thus not refundable in increments as each co-tenant individually vacated the apartment, the execution of the new lease effectively ended the tenancy for all of the initial co-tenants, and renders this argument ineffective.
On the issue of physical damage to the premises, appellee's affidavit states that he left the premises in an undamaged condition. Appellant's agent's affidavit states only that significant damages were found after the premises were vacated by the subsequent co-tenants. The burden falls upon the landlord to establish the lawfulness of any deductions from the security deposit. Albreqt v. Chen (1983), 17 Ohio App.3d 79;Paxton v. McGranahn (Oct. 31, 1985), Cuyahoga App. No. 49645, unreported. Appellant's affidavit alleges only damages at the conclusion of the subsequent tenants' occupancy. This did not establish a material question of fact regarding the condition of the premises at the time appellant and Gargett vacated, in light of appellee's affidavit that the premises were in good condition at that time.
We therefore conclude that appellant has not established the right, either under the lease or statute, to carry-over appellee's security deposit beyond his tenancy. Nor has appellant established a material issue of fact regarding the necessity to withhold any portion of the deposit based upon the condition of the premises. It was therefore not error for the trial court to conclude that appellee's security deposit was "wrongfully withheld" by appellant, giving rise to double damages and reasonable attorney fees.
Appellant further argues, in connection with the first assignment of error, that the trial court erred in treating the $100 pet deposit as refundable with appellee's share of the $600 security deposit under the lease. The trial court found that the pet deposit, like the security deposit, would be returnable to appellee at the termination of his tenancy. Appellant points out that the affidavit of its agent, presented in opposition of summary judgment, averred that the pet deposit was non-refundable, and essentially represented a forfeiture fee to be paid by appellee based upon his intention to keep a dog on the premises. The copy of the lease before us contains a marginal notation, next to the "no pets" clause, as follows: "1. Dog w/$100 dep.," and a notation under the tenants' signature block also mentioning a $100 pet deposit "per addendum." Unfortunately, the text of the referenced pet addendum is not present in the record.
The term "deposit" in reference to this charge, in conjunction with the term "security deposit" used elsewhere in the lease, might create at least an inference that the $100 would be refundable at the term of the tenancy based upon the condition of the premises. For purposes of summary judgment, however, this is not conclusive, since appellant's agent's affidavit creates a material issue of fact as to whether the pet deposit was refundable. It was therefore error on the part of the trial court, in the context of summary judgment, to include a $100 pet deposit in the amounts wrongfully withheld by the landlord giving rise to double damages. Appellant's first assignment of error is accordingly sustained in this respect only, and the judgment of the trial court shall be modified to reduce the amount improperly withheld by appellant to $400, representing only appellee and Gargett's proportionate share of the $600 security deposit. Appellant's first assignment of error is in all other respects overruled.
Appellant's second and third assignments of error together assert that appellee was not entitled to double damages and attorney fees under R.C. 5123.16, because appellee did not timely furnish appellant with a forwarding address for return of the security deposit. Appellant relies upon the explicit language of R.C. 5321.16(B):
 * * * The tenant shall provide the landlord in writing with a forwarding address or a new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
R.C. 5321.16(B) thus requires the tenant to provide a forwarding address as a prerequisite to the landlord's obligation to furnish an itemized list justifying deductions from the security deposit within thirty days. Appellant argues that a logical interpretation of the statute would be that any failure by the tenant to provide a forwarding address within thirty days would necessarily deprive the landlord of any opportunity to comply with the statute's itemization requirement, and that the penalties should be inapplicable in such cases. Since, in the present case, appellee did not provide a forwarding address until July 2, 1998, some two months after termination of the tenancy, appellant argues that no statutory double damages or attorney fees should have been awarded.
We find that appellant did not timely raise this issue in the trial court and that it is therefore not properly before us on appeal. Appellant did not present argument on this issue in opposition to summary judgment, and only attempted to bring it to the trial court's attention at the fee hearing on November 8, 1999, well after the trial court had rendered its initial decision and judgment entry on June 16, 1999. Issues not timely raised in the trial court and presented for the first time on appeal shall not be considered. Republic Steel Corp. v. Bd. of Revision ofCuyahoga Cty. (1963), 175 Ohio St. 179; Ridgley, Inc. v. WadsworthBd. of Zoning Appeals (1986), 28 Ohio St.3d 357. Failure to raise arguments, affirmative defenses, and objections to evidence in opposition to summary judgment will constitute waiver of such arguments. State ex rel Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70;Nationwide Mut. Fire Ins. Co. v. Wittekind (1999), 134 Ohio App.3d 285;Rose v. Nationwide Mut. Ins. Co. (Aug. 30, 1999), Belmont App. No. 97 BA 48, unreported. Appellant's second and third assignments of error are accordingly overruled, as the issues raised therein are not properly before us on appeal.
Appellant's fourth assignment of error asserts that the trial court erred in ordering that interest should accrue not only on the damages portion of the award, but on the attorney fees award. It is not entirely clear from the judgment entry whether or not the trial court intended to award attorney fees as damages subject to accrual of interest. To the extent the trial court may have done so, however, it was clearly error. "Attorney fee awards made pursuant to R.C. 5321.16(C) are to be assessed as costs."Christe v. GMS Mgmt. Co., Inc. (2000), 88 Ohio St.3d 376, syllabus. Appellant's fourth assignment of error is accordingly sustained, and the trial court's judgment will be modified to clarify that interest is not to accrue on the attorney fee portion of the award.
Finally, we turn to appellee's motion for additional fees in connection with this appeal. Courts have generally treated the attorney fee provisions of R.C. 5321.16(C) as not applicable to appellate fees. Nolan v. Sutton (1994), 97 Ohio App.3d 616,621. As we do not find this appeal to be frivolous, we decline to award attorney fees under App.R. 23.
In summary, appellant's fourth assignment of error is sustained, appellant's second and third assignments of error are overruled, and appellant's first assignment of error is overruled in part and sustained only to the extent that the trial court included the $100 pet deposit as wrongfully withheld and subject to double damages. Judgment will accordingly be entered for appellee in the amount of $800 in damages and $1,493 in attorney fees.
 ______________________ DESHLER, J.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority Section 6(C), Article IV, Ohio Constitution.