JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendants-appellants, Louis Kapourales and Harry Kapourales, appeal a small claims court judgment in favor of plaintiff-appellee, Latawnya Ward, for $501.80. Ward was a tenant in an apartment building owned by Louis and managed by Harry. When Ward moved out of the building, the Kapourales withheld all but $75.08 of her $625.00 security deposit. She filed a complaint pursuant to R.C. 5321.16 seeking $1,206.00, which was double the amount of her security deposit, less $112.00 doubled that she acknowledged that she owed for a damaged shower panel.
The evidence presented at trial showed that the Kapourales had sent Ward an itemized list of deductions within thirty days of the termination of the lease. They also presented receipts for purchases used in repairs. After hearing the evidence, the magistrate found that the Kapourales had proved valid deductions of $299.02. Thus, the amount that the Kapourales should have returned to Ward was $325.98. Since they sent her a check for $75.08, they wrongfully withheld $250.90. Because R.C.5321.16(C) requires the amount wrongfully withheld to be doubled, the magistrate held that Ward was entitled to judgment of $501.80. The trial court overruled the Kapourales' objections to the magistrate's decision, and this appeal followed.
The Kapourales present two assignments of error for review. In their first assignment of error, they contend that the trial court erred by shifting the burden of proof to them to show that they did not violate the security-deposit statute. They argue that the tenant bears the burden to show a violation of the statute entitling her to relief and that the tenant's claim must fail when the tenant does not present any direct evidence of such a violation. This assignment of error is not well taken.
R.C. 5321.16(B) permits a landlord, upon termination of a rental agreement, to apply the security deposit in payment of any damages the landlord may have suffered from the tenant's failure to comply with the requirements of R.C. 5321.05. It further requires the landlord to itemize and identify any lawful deductions withheld from the security deposit and to submit the itemization in writing in a notice delivered to the address provided by the tenant within thirty days after termination of the rental agreement. Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 476 N.E.2d 1038. If the landlord fails to comply with these requirements, R.C. 5321.16(C) permits the tenant to recover double the amount wrongfully withheld. Nolanv. Sutton (1994), 97 Ohio App.3d 616, 647 N.E.2d 218. R.C. 5321.16(B) and (C) do no require bad faith on the part of the landlord. Smith v.Padgett (1987), 32 Ohio St.3d 344, 513 N.E.2d 737.
The landlord does bear a burden to show that the itemized deductions sent to the tenant were valid. The Ohio Supreme Court has stated that "[a] landlord should not be allowed to escape the intent underlying the R.C. penalties by making a list of deductions. A landlord will not be deterred from making unfounded deductions from a security deposit if the penalties provided by R.C. 5321.16(C) can be avoided by tendering a list of facially justified reasons for the deductions." Smith, supra; Nolan,
supra.
Consequently, we believe the trier of fact can properly reject some of the landlord's itemized deductions as improper because they are unproven or do not rise above the level of ordinary wear and tear. See Nolan,
supra; Albreqt v. Chen (1983), 17 Ohio App.3d 79, 477 N.E.2d 1150;Bonfield v. Hillen (Feb. 9, 1994), 1st Dist. No. C-930029. Thus, the trial court did not improperly shift the burden of proof, and we overrule the Kapourales' first assignment of error.
In their second assignment of error, the Kapourales contend that the trial court erred by concluding that certain deductions were wrongful absent competent, credible evidence to support that finding. They argue that in determining whether a deduction was improper, the court must consider the evidence and must not base its decision on facts not in evidence or the trier of fact's personal opinion. This assignment of error is not well taken.
Judgments supported by come competent, credible evidence going to all essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Shemo v. MayfieldHts., 88 Ohio St.3d 7, 2000-Ohio-258, 722 N.E.2d 1018; C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578;Bonfield, supra. The weight to be given to the evidence and the credibility of witnesses are for the trier of fact to determine. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273;Bonfield, supra.
In this case, the magistrate made some intemperate comments regarding some landlords' tendency to inflate their damages. Nevertheless, the record does not show that he based his findings on those opinions. We agree with the trial court when it stated, "There was sufficient evidence taken to establish the cost of repairs and painting and the judgment was not against the manifest weight of the evidence. The magistrate's comments, while sarcastic and not necessarily appropriate, nonetheless do not render the judgment arbitrary or capricious[.]" The magistrate simply did not believe the Kapourales' evidence that all of the deductions were justified. Even if evidence is unrebutted, the trier of fact may believe all, part or none of any witness's testimony. McKay Machine Co. v.Rodman (1967), 11 Ohio St.2d 77, 228 N.E.2d 304; Cutcher v. Rosin (June 24, 1992), 1st Dist. No. C-910349.
We bear in mind that proceedings in small claims court are informal. It is a "layman's forum," designed to resolve disputes expeditiously and with minimal cost to the parties. Turner v. Sinha (1989),65 Ohio App.3d 30, 582 N.E.2d 1018; Mix v. Mix, 11th Dist. No. 2003-G-2552, 2005-Ohio-2068; McCallen v. Keller (July 17, 2000), 4th Dist. No. 00CA2695. The record shows that the trial court's judgment was supported by competent, credible evidence, and we, therefore, will not reverse it. We overrule the Kapourales' second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.