[Cite as *Alexander v. LJF Management, Inc.*, 2011-Ohio-2532.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ADAM ALEXANDER, | : | APPEAL NO. C-100618 |
| | | TRIAL NO. 08CV-21953 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *D E C I S I O N.* |
| LJF MANAGEMENT, INC., | : | |
| and | : | |
| MHL, LTD., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal:  May 27, 2011

*The Blessing Law Firm* and *David S. Blessing*, for Plaintiff-Appellant,

*McIntosh & McIntosh, PLLC*, and *Brian McIntosh*, for Defendants-Appellees.

Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge**.

{¶1} Plaintiff-appellant Adam Alexander appeals the Hamilton County Municipal Court's award of $875 in attorney fees, pursuant to R.C. 5321.16, on Alexander's claim against defendants-appellees MHL, Ltd., and LJF Management, Inc. ("MHL"), for recovery of his security and pet deposit. Because we determine that the trial court acted unreasonably by failing to consider the time expended by Alexander's attorney in securing Alexander's judgment post-trial, we reverse the trial court's judgment and remand this case for further proceedings consistent with this decision.

## Procedural History

{¶2} We will not delve into the facts underlying this landlord-tenant dispute except to say that Alexander filed this action against his former landlord, MHL, pursuant to R.C. 5321.16 for recovery of a $600 security deposit. This is the second appeal that Alexander has filed in this case. In our disposition of Alexander's first appeal, *Alexander v. LJF Management, Inc.* ("*Alexander I*"),[1] we laid out the following procedural history:

{¶3} "The case was referred to a magistrate for a bench trial. On October 1, 2008, the magistrate issued a decision recommending judgment for Alexander on his claim and on MHL's counterclaim in the amount of $1,144, plus a lump-sum award of $1,000 in attorney fees. MHL filed objections. Alexander, who had sought $2,516.75 in attorney fees, also filed an objection, claiming that the magistrate had

---

[1] 1st Dist. No. C-090091, 2010-Ohio-2763.

2

awarded fees without considering the factors identified by the Ohio Supreme Court in *Bittner v. Tri-County Toyota, Inc.*[2]

{¶4} "On November 20, 2008, the trial court granted Alexander's objection in part. In its judgment entry, the court adopted the magistrate's $1,144 damage award but overruled the attorney-fee award. The court referred the matter back to the magistrate for application of the *Bittner* analysis."[3]

{¶5} Alexander then submitted to the magistrate an amended application for attorney fees, requesting an award of $4,117.50. Alexander calculated this amount by combining the 17.5 hours spent by one attorney at a rate of $175 per hour, the six and one-half hours spent by another attorney at a rate of $150 per hour, and one hour of paralegal time at a rate of $80 per hour. Notably, Alexander's amended application requested fees for time expended post-trial, including, but not limited to, reviewing the magistrate's decision, drafting an application for attorney fees, drafting an emergency motion for an extension of time, and responding to MHL's objections to the magistrate's decision.

{¶6} In a December 12, 2008, decision, the magistrate reduced his attorney-fee recommendation to $875. Alexander filed an objection to this recommendation, which the trial court overruled on January 9, 2009. On the same date, the trial court journalized two separate entries. One entry was identical to the October 1, 2008, magistrate's decision, which had recommended the $1,000 fee award that the trial court had subsequently rejected. The other entry was identical to

---

[2] Id. at ¶3, citing (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 464.
[3] Id. at ¶4.

the December 12, 2008, magistrate's decision, which had recommended the $875 fee award.

{¶7}    Alexander then appealed the award of attorney fees to this court in *Alexander I*, and we determined that no final, appealable order existed.  We reached this conclusion because the trial court had failed to determine all the claims for relief in the action, in part, because the trial court had journalized inconsistent entries on the same day—one entry had awarded Alexander $1,000 in attorney fees and one had awarded Alexander $875 in attorney fees.  Therefore, we dismissed Alexander's appeal.[4]

{¶8}    After this court's decision in *Alexander I*, the trial court issued another judgment entry on August 11, 2010.  The trial court's entry awarded judgment for Alexander in the amount of $1,144, plus $875 for attorney fees.  The trial court also found in favor of Alexander on MHL's counterclaim and assessed costs against MHL.  In its calculation of attorney fees, the court essentially restated the magistrate's December 12, 2008, recommendation.  After considering the *Bittner* factors, the court found that Alexander's matter could have been handled by an attorney in five hours—four hours of presentation and one hour of trial at a rate of $175 per hour.  In the magistrate's December 12, 2008, recommendation, the magistrate had determined that the matter could have been handled in five hours, which included four hours of "preparation" and one hour of trial, at a rate of $175 per hour.

{¶9}    Alexander now appeals the trial court's August 11, 2010, entry awarding him $875 in attorney fees.

---

[4] Id. at ¶15-16.

**Award of Attorney Fees Pursuant to R.C. 5321.16**

{¶10}  In Alexander's sole assignment of error, he argues that the trial court erred in failing to award litigation expenses and attorney fees for the time necessary to secure and maintain Alexander's judgment pursuant to R.C. 5321.16.  R.C. 5321.16(C) allows a tenant to recover reasonable attorney fees from a landlord when that landlord fails to comply with the required procedure for returning a security deposit.  In *Smith v. Padgett*,[5] the Ohio Supreme Court held that "[a] landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory * * * ."[6]

{¶11}  A trial court's determination as to the amount of attorney fees awarded under R.C. 5321.16(C) will not be reversed except where such determination constitutes an abuse of discretion.[7]  Furthermore, "[u]nless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.  The trial judge which participated not only in the trial but in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court."[8]

{¶12}  When calculating reasonable attorney-fee awards, a trial court should first calculate the number of hours reasonably expended on the case and multiply that figure by a reasonable hourly rate.[9]  The trial court may then modify that

---

[5] (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737.
[6] Id.
[7] Id. at paragraph four of the syllabus.
[8] *Bittner*, supra, at fn. 2.
[9] Id. at 145-146.

amount upward or downward based upon numerous factors, including "the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent."[10]

{¶13} With regard to an award of attorney fees pursuant to R.C. 5321.16, we have held that "[t]here should be some rational relationship between the attorney fees, the amount of the security deposit, and the amount wrongfully withheld therefrom."[11]

{¶14} Alexander argues on appeal that the trial court abused its discretion in failing to award litigation expenses, such as filing fees, service fees, and expenses for photocopying. Alexander offers no authority for this proposition. Moreover, as recognized by the Ohio Supreme Court, a court must not tax litigation expenses as costs unless expressly permitted to do so by statute.[12] Therefore, we overrule Alexander's assignment of error to the extent that he argues that the trial court erred by excluding Alexander's litigation expenses in its attorney-fee award.

{¶15} Alexander also argues that the trial court acted unreasonably in calculating his attorney-fee award because the trial court ignored the actual time his counsel had expended in handling the case. Specifically, Alexander argues his counsel spent five hours in court alone, and, therefore, the trial court erred in finding

---

[10] Id.
[11] *Nolan v. Sutton* (1994), 97 Ohio App.3d 616, 620, 647 N.E.2d 218.
[12] *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 51, 430 N.E.2d 925.

6

that Alexander's matter could have been handled in five hours total. Alexander further argues that the trial court failed to consider the time Alexander's counsel spent defending the magistrate's decision post-trial.

{¶16} When calculating the number of hours reasonably expended in handling a matter for purposes of an attorney-fee award, "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from the calculation.[13] Thus, we cannot say that the trial court abused its discretion in determining that Alexander's matter could have been handled in five hours up to and including trial, at a rate of $175 per hour. Moreover, Alexander overlooks the fact that some of the hours expended at or before trial were performed by an attorney who billed at a rate of $150 per hour.

{¶17} The trial court, however, clearly failed to consider time expended by Alexander's counsel post-trial. In *Klein v. Moutz*,[14] the Ohio Supreme Court considered whether a trial court had the authority, pursuant to R.C. 5321.16, to award attorney fees that were incurred at the appellate level. The court ultimately concluded that a prevailing party could petition either the trial court or the appellate court to recover attorney fees incurred defending a judgment on appeal.[15] In reaching its decision, the court noted that "R.C. 5321.16 is a remedial statute intended to compensate the tenant for a wrongfully withheld deposit at no expense to the tenant."[16]

---

[13] *Hensley v. Eckerhart* (1983), 461 U.S. 424, 434, 103 S.Ct. 1933.
[14] (2008), 118 Ohio St.3d 256, 888 N.E.2d 404.
[15] Id. at 259.
[16] Id. at 258.

**{¶18}** Applying the court's reasoning in *Klein*, we determine that an award of attorney fees pursuant to R.C. 5321.16 must take into consideration the time a tenant spends defending a magistrate's decision after objections have been filed by the landlord. Our determination is consistent with the purpose of R.C. 5321.16, which is "[t]o ensure that the tenant incurs no expense when seeking return of the deposit wrongfully withheld."[17]

**{¶19}** But we hold that a trial court calculating a fee award pursuant to R.C. 5321.16 is not required to consider the time a tenant spends drafting an application for attorney fees. In *Bryant v. Walt Sweeney Automotive, Inc.*,[18] we held that the trial court did not err in denying an attorney-fee award in a Consumer Sales Practices Act case for time expended by counsel in preparation for the contested attorney-fee hearing because the time spent in pursuit of attorney fees was not spent in "direct pursuit" of the claim.[19] The "direct pursuit" concept applied in *Bryant* has equal force in cases under R.C. 5321.16 because, as the Ohio Supreme Court has stated, "[t]he award of attorney fees must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16, and not to any additional claims."[20]

**{¶20}** In this case, although it remains in the trial court's discretion whether to award fees for post-trial activity, the trial court should have considered the time Alexander's counsel spent post-trial, including, but not limited to, drafting an emergency motion for an extension of time and responding to objections made by

---

[17] Id. at 259.
[18] 1st Dist. Nos. C-010395 and C-010404, 2002-Ohio-2577, ¶41.
[19] Id.
[20] *Smith*, supra, at 349.

the defendant to the magistrate's decision before reaching a final determination. But the trial court was not required to consider time Alexander's counsel expended in drafting applications for attorney fees. The trial court's entry clearly demonstrates that the trial court did not take into account the time expended by Alexander's counsel post-trial in calculating its attorney-fee award. The trial court explicitly stated in its entry that it arrived at the $875 award by multiplying an hourly rate of $175 times five hours, which included four hours of presentation and one hour of trial. The trial court essentially adopted the magistrate's fee recommendation, except that the trial court used the word "presentation" instead of "preparation."

{¶21} We hold that the trial court acted unreasonably, and thus abused its discretion, when it calculated the number of hours reasonably expended in handling the matter by explicitly disregarding the time expended by Alexander's counsel defending the magistrate's decision post-trial. Thus, we must sustain Alexander's assignment of error to that limited extent.

{¶22} Therefore, we reverse the trial court's judgment awarding Alexander $875 in attorney fees, and we remand this case to the trial court to calculate attorney fees in a manner consistent with this decision.

Judgment reversed in part and cause remanded.

**HILDEBRANDT, P.J.**, and **CUNNINGHAM, J.,** concur.

Please Note:
The court has recorded its own entry on the date of the release of this opinion.