OPINION
{¶ 1} John Moore, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court granted a divorce between appellant and Darnell Moore, defendant-appellee.
 {¶ 2} The parties were married on March 16, 1963. After a prior divorce action was dismissed, appellant filed the present action for divorce in March 2001. Appellant's first counsel then withdrew, and appellant hired a second attorney on December 10, 2001. On October 24, 2002, appellant's second attorney filed a motion to withdraw as counsel for appellant, and the trial court granted the motion on October 28, 2002. On November 21, 2002, a trial on the matter commenced, with appellant representing himself. Appellee was represented by counsel. At the close of all evidence, appellant indicated he wanted counsel to represent him. The trial court construed appellant's request as a motion for continuance, which it denied. On March 11, 2003, the trial court issued a decree of divorce. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The Trial Court Erred in Granting an Attorney's Motion to Withdraw as Counsel Less Than Twenty-Eight Days Before the Final Hearing in a Very Complex Divorce Action Where No Provisions Were Made to Protect the Integrity of the Trial Process and the Party Engaging in Self-Representation Was Not Made Fully Aware of the Dangers and Disadvantages of Self Representation.
 {¶ 3} Appellant argues in his assignment of error the trial court erred in granting his attorney's motion to withdraw. Appellant also contends the trial court did not "protect the integrity of the trial process" by permitting appellant to represent himself at trial without warning him of the dangers of self-representation. He asserts that it is a matter of fundamental fairness that the trial court insure a party has been made aware of the disadvantages and "pitfalls" of proceeding to trial without an attorney. Appellant also maintains that the trial court had the authority to make a sua sponte appointment of counsel.
 {¶ 4} We find nothing in the record indicating that appellant objected to his counsel's withdrawal at the trial court level. Therefore, he has waived any argument in that regard for purposes of appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43; Lippy v. Soc. Natl. Bank (1993), 88 Ohio App.3d 33. Further, the record reveals that appellant faxed a note to his former counsel telling him that his services were no longer needed. Appellant cannot now complain about a situation that he created. Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus (the doctrine of invited error). Notwithstanding, we are unaware of any obligation imposed on a trial judge to appoint counsel for a pro se litigant in a civil trial who fails or refuses to retain counsel. Appellant had over three weeks to obtain counsel after his prior counsel withdrew. Appellant does not indicate that he ever attempted, or even desired, to obtain counsel during this period. Certainly, the record contains no request by appellant during trial to indicate his desire to seek counsel. Neither prior to nor during trial did appellant make any mention of counsel or his desire to be represented. In fact, when asked whether he wished to make an opening statement, appellant indicated, "I think [I'm] just ready to jump into it." With appellant raising no objection prior to trial or during the course of the presentation of evidence, the trial judge had no alternative but to proceed.
 {¶ 5} We are also unaware of any obligation imposed on a trial court to warn a party in a civil case as to the "disadvantages" and "pitfalls" of proceeding pro se. Appellant had been represented up to three weeks prior to trial and had the benefit of counsel for over three years, including the period during his previously dismissed divorce action. The record reveals that it was appellant's choice to proceed pro se. Although it may be a more prudent practice for the trial court in a civil proceeding to caution a pro se litigant that solitarily traversing our legal system may be wrought with difficulties, we find no mandate for such.
 {¶ 6} It was only after all of the evidence had been presented and the trial court instructed appellant that he would have to draft a proposed decree that appellant indicated he thought he may need an attorney, stating:
MR. MOORE: Your Honor, I'll tell you something. I think I'm way in over my head with what we're doing here. I've had an attorney for all three or four years of this up until the very end and I'm trying to represent myself and I thought we were more settled than what we are. I have no idea how to handle questions and rebuttals and all that kind of thing. I think I'm going to be needing an attorney or seek one.
 {¶ 7} The court responded:
THE COURT: It's a little late. Denied. I'm not going to continue with the case. The choice is you handwrite a closing argument, which basically says, Judge, I think you ought to do this with the cars, blah, blah, blah, because; this with the Huntington Visa, blah, blah, blah because. Just spell it out, although I pretty much know what you want from what you're telling me here today. But I don't know exactly because you have all these stipulations that need to be incorporated and spelled out and who's getting rent from each place. You're lucky there's an attorney on the other side.
 {¶ 8} We agree that appellant's request for a continuance to obtain an attorney was untimely. The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 219. The circumstances present in each case should be considered in determining whether a trial court abuses its discretion in denying a motion for continuance. Ungar v. Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841. The reviewing court must apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. Burton v. Burton (1999), 132 Ohio App.3d 473, 476, citing Unger, supra, at 67-68. The trial court must consider the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. Id.
 {¶ 9} In the present case, appellant had over three weeks to obtain an attorney and could have requested a continuance much earlier than after the trial had concluded. His untimely request would have greatly inconvenienced the parties, given the trial was already over and all of the evidence had already been presented. Importantly, our review of the record supports the proposition that appellant voluntarily and with full knowledge proceeded to trial without an attorney. We have no doubt that appellant was able to decide for himself whether he wished to be represented, and he simply believed he could competently proceed on his own. His realization that he may have benefited from the assistance of an attorney came much too late. Under these circumstances, appellant cannot complain at the very late stages of the proceeding that he desired counsel.
 {¶ 10} Further, appellant indicates in his brief that about one-third of the way through trial he informed the trial court of a "mental breakdown" and "relapse," and he argues that this should have triggered the court to question him about his ability to represent himself for the remainder of the case. However, the "mental breakdown" and "relapse" referred to were in 1997 and 1998, respectively, and appellant referred to them only to explain his state of mind during that period of the marriage when his wife incurred expenses for plastic surgery. This testimony in no way related to appellant's present ability to proceed pro se. Indeed, appellant told the trial court that he no longer suffered from depression. Thus, we find such to be irrelevant to appellant's ability to proceed pro se in November 2002.
 {¶ 11} In addition, we see no evidence to demonstrate that appellant did not receive a fair trial. The trial court instructed appellant on various trial procedures, and appellant followed the court's instructions without difficulty. Examination of the transcript reveals that appellant gave coherent narrative testimony, answered cross-examination questions thoroughly, and cross-examined and recross-examined appellee extensively on the relevant issues. For these reasons, appellant's assignment of error is overruled.
 {¶ 12} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
PETREE, P.J., and BRYANT, J., concur.