[Cite as *Stancik v. Hersch*, 2012-Ohio-1955.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97501**

## MARTIN S. STANCIK, JR.

PLAINTIFF-APPELLANT

vs.

## MARVIN H. HERSCH, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-739321

**BEFORE:** Kilbane, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**APPELLANT**

Martin S. Stancik, Jr., pro se
724 Wyleswood Drive
Berea, Ohio 44017


**ATTORNEY FOR APPELLEE**

Orville L. Reed, III
Buckingham Doolittle & Burroughs
3800 Embassy Parkway
Suite 300
Akron, Ohio 44333

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, Martin S. Stancik, Jr., appeals from the order of the trial court that awarded summary judgment to defendant-appellee, the Estate of Marvin Hersch ("Hersch"), in Stancik's action for breach of contract and other claims. For the reasons set forth below, we affirm.

**{¶2}** The record indicates that from 1984 until June 2001, Stancik, a financial consultant and insurance salesman, provided investment advice, business advice, and administrative assistance to Antonio Rendina ("Antonio") of Adcraft Decals, Inc. ("Adcraft").

**{¶3}** Stancik sold Adcraft a life insurance policy issued by Alexander Hamilton Life. Under the terms of the policy, upon Antonio's death, Adcraft's vice president, Robert Talion ("Talion"), would receive $200,000, and Ruth Rendina ("Ruth"), Antonio's wife, would receive $750,000. According to Stancik, on June 4, 2001, Antonio and Talion executed a Change of Beneficiary Form in connection with this policy and agreed to the following:

> At my death I, Antonio Rendina want my friend and agent, Marty Stancik, to collect the proceeds from this and my other policies that are enforce [sic] at my death and invest them for my wife Ruth Ann Rendina for a 4% commission on amount paid.

{¶4} Antonio died on May 14, 2007. Ruth did not agree to permit Stancik to invest her portion of the insurance proceeds, however. On September 11, 2007, Stancik submitted a bill in the amount of $66,300.40 to Antonio's daughter, identifying her as executrix of Antonio's estate, claiming that this was the amount due from lost commissions under the June 4, 2001 document.

{¶5} Antonio's family refused to pay Stancik the claimed lost commissions amount. On June 10, 2009, Stancik submitted a claim against Antonio's estate in the amount of $129,825, in the Lake County Probate Court, supported by a bill dated November 1, 2007, listing financial services performed for Antonio and/or Adcraft from 1984 to June 2001, billed at the rate of $150 per hour. The administrator of Antonio's estate denied the claim as untimely, under R.C. 2117.06(C), and also maintained that the services were performed for Adcraft and not for Antonio personally.

{¶6} On November 14, 2007, Stancik, represented by Marvin Hersch, filed a complaint for money only against Ruth, in the Cuyahoga County Court of Common Pleas, seeking payment of the 4 percent commission allegedly due from investing the insurance proceeds. Marvin Hersch died on May 28, 2008. Thereafter, on August 8, 2008, Stancik voluntarily dismissed the complaint against Ruth without prejudice.

{¶7} On June 9, 2009, Stancik submitted a supplemental claim in the Lake County probate matter demanding $66,300.40, the claimed amount of lost commissions from the June 4, 2001 document. On July 22, 2009, Stancik filed a motion for a

temporary restraining order and preliminary injunction barring the distribution of the assets of the estate.

{¶8} On October 23, 2009, the magistrate in the Lake County Probate Court issued a decision recommending the denial of Stancik's motion for a temporary restraining order and preliminary injunction. The magistrate "question[ed] the reliability of the bill that was undoubtedly prepared long after services were rendered," and concluded that Stancik's claims against the estate were not brought within six months of Antonio's death as required by R.C. 2117.06( C). The trial court adopted the recommendation of the magistrate and denied Stancik's claims against Antonio's estate.

{¶9} Stancik, acting pro se, filed the instant matter against Hersch and his estate on October 19, 2010, claiming that Hersch breached a contract to pursue Stancik's claim for $66,300 in the Lake County probate matter, that Hersch negligently failed to meet the six month filing deadline, and that Hersch fraudulently claimed that he would "file the appropriate briefs."

{¶10} Hersch's estate denied liability and moved for summary judgment on May 13, 2011. In relevant part, the estate presented evidence that after Stancik's bill for investing for Antonio and Adcraft reached $129,825, Antonio and Stancik entered into the June 4, 2001 agreement pertaining to Stancik's investment of insurance proceeds as a "novation" in settlement of the investment debt. Stancik subsequently learned that Antonio's heirs had commenced the Lake County probate matter to sell Adcraft stock, so he then decided to pursue the claim for of $129,825 against the estate.

{¶11} The estate also presented evidence that there was no written agreement regarding Stancik's hourly fee, but that Adcraft and Antonio agreed to pay him $150 per hour. As such, this claim was based upon an oral contract, subject to the six-year statute of limitations set forth in R.C. 2305.07, and was untimely as of September 11, 2007, the date on which Stancik first sought recovery. As to the claim for breach of the June 4, 2001 document, which was subject to a 15-year statute of limitations pursuant to R.C. 2305.06, the evidence indicated that Hersch had been pursuing this claim but died shortly after the complaint was filed.

{¶12} In opposition, Stancik insisted that Hersch had negligently failed to make timely presentment of his claims to Antonio's probate estate. He further asserted that the June 4, 2001 document is a negotiable instrument pursuant to R.C. 1303.03 and that, under that instrument, he is entitled to $66,300.

{¶13} On October 6, 2011, the trial court awarded summary judgment to the estate and in a written opinion, concluded as follows:

> During a July 14, 2011 pretrial, held in this Court's chambers, Plaintiff produced a number of documents. One of the documents, marked Exhibit "CC," contained a novation in Paragraph 6, on page 3. The novation read, "Tony's bill to Marty for about $125,000 will be paid by Tony's insurance estate as agreed below." A signature line below this indicates the agreement was signed by Antonio Rendina, Stancik, and Mrs. Rendina. This exhibit was not revealed during the prior litigation filed by Hersch and voluntarily dismissed by Stancik.

> As mentioned [previously] the prior litigation filed by Hersch was dismissed without prejudice. Because the underlying claim in the action was a contract claim, a fifteen year statute of limitations applies. All available evidence suggests that the novation/contract between Mrs. Rendina and Stancik was signed no earlier than 2001, when Stancik stopped

doing financial work for Rendina. Therefore the suit, filed by Hersch may be refiled by Stancik at least until 2016.

The Court finds that if Stancik could refile [the case Hersch brought against Rendina] and present evidence of Mrs. Rendina's novation, he could not claim damages against his former and now deceased attorney, Hersch. The outcome in that matter has yet to be decided. As such, Plaintiff has not been damaged. Plaintiff cannot maintain a legal malpractice claim against Defendant as a matter of law without proving damages.

{¶14} Stancik now appeals, assigning eight errors for our review. We will group them together where appropriate to do so.

{¶15} In his first assignment of error, Stancik argues that the trial court was biased against him and stated "that he would rule in favor of the defense unless the plaintiff had an attorney and that the attorney was present at [a] pretrial scheduled for September 20, 2011."

{¶16} In his third assignment of error, Stancik complains that the trial court committed prejudicial error by asking defense counsel to "bring him up to date" on the nature of the case and plaintiff's claims.

{¶17} The appellant bears the burden of providing a transcript when it is necessary to the disposition of any question on appeal. *Wells v. Spirit Fabricating, Ltd.*, 113 Ohio App.3d 282, 288-289, 680 N.E.2d 1046 (8th Dist. 1996), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565–566 (1988). Where a claim of error concerns events occurring at an in-chambers hearing and there is no transcript, the appellant must invoke the procedures of App.R. 9 to reconstruct what occurred at the proceeding. *Id.*, citing *Steiner v. Steiner*, 85 Ohio App.3d 513, 620 N.E.2d 152 (4th

Dist.1993). If the appellant does not do so, the claim of error is deemed waived. *Wells* at 288.

**{¶18}** In this matter, appellant has not provided us with a transcript of the in-chambers hearing and has not reconstructed the statements through App.R. 9. Therefore, he has waived his claims that the trial court was biased against him and erroneously relied upon the assertions of defense counsel. In any event, upon our review of the record that has been provided, we find no evidence to support appellant's claims, and we recognize that the court could, within the proper exercise of its discretion, caution appellant on the perils of maintaining a civil lawsuit as a pro se litigant. *See Moore v. Moore*, 10th Dist. No. 03AP-334, 2003-Ohio-5579.

**{¶19}** The first and third assignments of error are without merit.

**{¶20}** In his second assignment of error, Stancik argues that the trial court committed reversible error in failing to recognize the June 2011 contract as a negotiable instrument.

**{¶21}** As an initial matter, we note that R.C. 1303.03(A) defines a negotiable instrument as "an unconditional promise to pay a fixed amount of money, with or without interest or other charges," if it meets all of the following requirements: (1) it is payable to bearer or to order; (2) it is payable on demand or at a definite time; and (3) it does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. *See Gallwitz v. Novel*, 5th Dist. No. 10-CA-10, 2011-Ohio-297.

**{¶22}** In this matter, however, the agreement at issue does not contain an unconditional promise to pay a fixed amount of money, it requires actions other than the payment of money and is not payable "to bearer or to order." Therefore, under R.C. 1303.03(A), it was not a negotiable instrument.

**{¶23}** In any event, the issue of whether the document constituted a negotiable instrument is not a controlling issue in this legal malpractice action. Rather, as succinctly stated by the trial court, the underlying cause of action in the malpractice action filed by Hersch was Stancik's claim that Ruth had breached a contract with him. Having said that, we note that the trial court did not express an opinion regarding the validity of the underlying agreement, and we likewise express no opinion in that regard.

**{¶24}** The second assignment of error is without merit.

**{¶25}** In his eighth assignment of error, Stancik maintains that the trial court did not give him "a written report on the reason for its decision."

**{¶26}** The record indicates that the trial court issued a written opinion in this matter on October 6, 2011. In that opinion, as noted previously, the trial court ruled that the matter had previously been voluntarily dismissed but the statute of limitations had not yet expired. Because Stancik could still bring his action for breach of contract, he has not incurred damage or loss, an essential element in a breach of contract claim.

**{¶27}** In light of the court's detailed written opinion, this assignment of error lacks support in the record and is without merit. *State v. Nickleberry*, 8th Dist. No. 77516,

2000 WL 1738356 (Nov. 22, 2000), citing *L.A. & D., Inc. v. Bd. of Lake Cty. Commrs.*, 67 Ohio St.2d 384, 388, 423 N.E.2d 1109 (1981).

{¶28} In his remaining assignments of error, Stancik challenges the validity of the trial court's award of summary judgment to defendants. The fourth, fifth, and seventh assignments of error concern Stancik's assertion that he was not permitted to present evidence prior to the trial court's judgment. In the fourth assignment of error, Stancik maintains that the trial court never received the fee bill in the amount of $129,825 that he submitted to Antonio's estate. In his fifth assignment of error, Stancik argues that he was not permitted to present the merits of his case that established the June 2001 agreement was a negotiable instrument. Similarly, in the seventh assignment of error, Stancik complains that he was not permitted to call witnesses, present evidence, or cross-examine witnesses for the defense.

{¶29} Stancik argues, in his sixth assignment of error, that "[s]ummary judgment should not have been rendered because there was not an agreement on the facts by the plaintiff and defense as required by Civ.R. 56[.]"

{¶30} With regard to procedure, we note that appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶31} The moving party carries the initial burden of providing specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280,

292, 1996-Ohio-107, 662 N.E.2d 264. Civ.R. 56(C) provides that before summary judgment may be granted a court must determine:

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

{¶32} Once the moving party has met its initial burden, the nonmoving party must produce competent evidence establishing the existence of a genuine issue for trial. *Dresher* at 288. In responding to a motion for summary judgment, a nonmoving party may not rest on "unsupported allegations in the pleadings." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Rather, Civ.R. 56 requires a nonmoving party to respond with competent evidence to demonstrate the existence of a genuine issue of material fact. Civ.R. 56(E) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**{¶33}** With regard to the substantive law, we note that in *Vahila v. Hall*, 77 Ohio St.3d 421, 428, 674 N.E.2d 1164 (1997), the Ohio Supreme court established the following elements that a plaintiff must demonstrate in order to establish a cause of action for legal malpractice based on negligent representation:

> (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.

**{¶34}** The plaintiff's failure to prove any one of these elements entitles the defendant-attorney to summary judgment. *Woodrow v. Heintschel*, 194 Ohio App.3d 391, 2010-Ohio-1840, 956 N.E.2d 855, ¶ 17 (6th Dist.), citing *Green v. Barrett,* 102 Ohio App.3d 525, 531-533, 657 N.E.2d 553 (8th Dist.1995).

**{¶35}** Stancik's underlying legal malpractice claim was premised upon his claim that Ruth had breached a contract to invest the proceeds from Antonio's life insurance. In order to establish a claim of breach of contract, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

**{¶36}** Applying the foregoing herein, we conclude that insofar as Stancik complains in his fourth, fifth, and seventh assignments of error that he was not permitted to present evidence, such claims are without merit. After the defense filed its motion for

summary judgment in this matter, it became incumbent upon Stancik to produce competent evidence demonstrating the existence of a genuine issue for trial. In this connection, Stancik was required to respond with competent evidence to demonstrate the existence of a genuine issue of material fact and could not simply rely upon his unsupported allegations in the pleadings. Because Civ.R. 56 plainly gives Stancik, the nonmovant, the duty of presenting evidence to establish a genuine issue for trial, he cannot now complain that the court lacked evidence or that he could not present such evidence. Moreover, the trial court gave Stancik ample time to conduct discovery and submit a brief in opposition to the motion for summary judgment.

{¶37} Further, with regard to the sixth assignment of error, we conclude that there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. As noted by the trial court, Stancik dismissed an earlier action against Hersch without prejudice, and Stancik alleged that the underlying claim that Hersch was to pursue is a contract claim with a 15-year statute of limitations, the underlying claim may be refiled at least until 2016. Therefore, because the merits of the underlying action have not been determined, Stancik cannot establish the "damage or loss" element of his legal malpractice claim against Hersch. Accordingly, upon our de novo review of this matter, summary judgment was properly rendered herein.

{¶38} The sixth assignment of error is without merit.

{¶39} Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR