[Cite as *Foster v. Wells-Sowell*, 2016-Ohio-4558.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 103062

---

**ANTHONY C. FOSTER**

PLAINTIFF-APPELLANT

vs.

**ROSA JEAN WELLS-SOWELL, ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2014-CVI-017905

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 23, 2016

**FOR APPELLANT**

Anthony C. Foster, pro se
15618 Scottsdale Boulevard
Shaker Heights, Ohio 44120


**FOR APPELLEES**

Rosa Jean Wells-Sowell, pro se
1095 E. 145th Street
Cleveland, Ohio 44110

**ALSO LISTED**

Tavarres William
1095 E. 145th Street
Cleveland, Ohio 44110

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Plaintiff-appellant Anthony Foster's ("Foster") appeal is rooted in a Cleveland Municipal Court small claims case that was filed on December 9, 2014.

**{¶2}** The allegation set forth in the complaint was that Foster was hired by the defendant-appellee, Rosa Jean Wells-Sowell ("Wells-Sowell") "to perform work on property located at 11018 Kinsman Road. Foster states that Wells-Sowell led him to believe she (Wells-Sowell) owned the property. Foster states that Wells-Sowell owes a balance of $1,430 on a sum of $1,800 for services rendered." A second individual was named as a defendant in the suit but the complaint does not allege any wrongdoing by him.

**{¶3}** Foster sought judgment in the amount of $1,430 "plus interest from December 9, 2014, at the rate of 3% together with costs of this action."

**{¶4}** A hearing was held in this matter before a magistrate judge of the Cleveland Municipal Court on January 14, 2015. Foster and appellee, Wells-Sowell were present. The second named defendant failed to appear.

**{¶5}** The magistrate's decision in favor of the defendants was confirmed by the trial court on May 8, 2015.

**{¶6}** Foster has asserted three assignments of error in this appeal:

I. The defendant, Rosa Jean Wells-Sowell did willfully comit [sic] perjury under oath.

II. The defendant Rosa Jean Wells-Sowell did willfully mislead the trail [sic] court to affect the course and outcome of the proceeding.

III. The defendant Rosa Jean Wells-Sowell did willfully confirm a false statement to the trial [sic] court under aath.

**{¶7}** The assignments of error presented by Foster suggest that he is challenging whether the magistrate's decision was against the manifest weight of the evidence. To this end, in each

of his assignments of error, Foster argues that Wells-Sowell provided the magistrate with false testimony.

{¶8} Our ability to fully review Foster's assignments of error is curtailed, however, by his failure to file objections to the magistrate's decision and the detailed findings of fact set forth therein.

{¶9} Ohio Civ.R. 53(D)(3)(b) provides a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14 day period as permitted by Civ.R. 53(D)(4)(e)(i). Civ.R. 53(D)(3)(b)(i). An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. Civ.R. 53(D)(3)(b)(ii). An objection to a factual finding shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii). The objecting party shall file the transcript or affidavit with the court within 30 days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. *Id*. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ. R. 53(D)(3)(b)(iv).

{¶10} The record reveals that Foster failed to file objections to the magistrate's decision or provide the trial court with a transcript of the proceedings to support his manifest weight challenge. Therefore, Foster has waived all but plain error.

{¶11} We find no plain error in this case. Where a party objecting to a magistrate's report fails to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the trial court's judgment is limited

to whether the court abused its discretion in adopting the magistrate's report, i.e., whether the trial court's application of the law to its factual findings was an abuse of discretion. *Don Mould's Plantation, Inc. v. Kest Prop. Mgt. Group, LLC*, 8th Dist. Cuyahoga No. 94279, 2010-Ohio-2608, ¶ 12, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). Further, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *Id*.

**{¶12}** Foster presents no cognizable argument aside from his assertion that the trial court was led astray in finding Wells-Sowell's testimony to be credible. As such, we find no plain error on the record before us.

**{¶13}** Finally, we note that even if Foster had properly preserved this error for our review, his arguments are limited to a challenge of the magistrate's credibility determinations at trial. In assessing the credibility of witnesses, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "The fact finder is free to believe all, part, or none of the testimony of each witness appearing before it." *State v. Caraballo*, 8th Dist. Cuyahoga No. 89775, 2008-Ohio-5248, citing *Warren v. Simpson*, 11th Dist. Trumbull No. 98-T-0183, 2000 Ohio App. LEXIS 1073 (Mar. 17, 2000).

**{¶14}** Foster's three assignments of error are overruled.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellant pay appellees the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the rules of the Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR