[Cite as *Trimble v. Rossi*, 2020-Ohio-3801.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PATRICIA TRIMBLE,                          :

    Plaintiff-Appellant,              :

                                                      No. 108683

    v.                                       :

CHARLENE ROSSI,                            :

    Defendant-Appellee.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2020

---

Civil Appeal from the Lakewood Municipal Court
Case No. 19CVI00531

---

### *Appearances:*

Patricia Trimble, *pro se.*

Charlene Rossi, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant Patricia Trimble brings the instant appeal challenging the trial court's judgment overruling her objections and adopting the magistrate's decision in her small claims action to recover her security deposit from her former landlord, defendant-appellee Charlene Rossi. Appellant argues that the trial court's judgment in favor of Rossi regarding the deductions from the security

deposit was against the manifest weight of the evidence, and her due process rights were violated by the trial court's failure to provide a transcript of the magistrate's hearing to appellant and the trial court's judgment in favor of Rossi on Rossi's counterclaim for damages to the apartment. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} This appeal involves a lease agreement between appellant and Rossi for the downstairs unit of Rossi's two-family residence located at 2057 Richland Avenue, Lakewood, Ohio 44107. The parties entered into the lease agreement on April 6, 2015. Appellant tendered the $650 monthly rent and a security deposit of $650 to Rossi.

{¶ 3} Appellant had a rental voucher subsidized through the Cuyahoga Metropolitan Housing Authority ("CMHA"). CMHA's voucher covered the majority of the monthly rent. The portion of the rent appellant was responsible for fluctuated based on appellant's income.

{¶ 4} Due to appellant's age and disabilities, her son Jeffrey Trimble resided in the apartment with her.[1] Jeffrey was authorized by CMHA to reside in the apartment as appellant's live-in aide.

{¶ 5} On December 28, 2018, appellant provided 30-day notice of her intention to terminate the lease agreement to Rossi. Appellant identified

---

[1] According to appellant, Jeffrey handled a majority of the lease-related matters involving Rossi.

January 31, 2019, as the date she would vacate the premises. In her notice, appellant asserted that (1) any and all items appellant brought on the property would be removed, and (2) appellant would leave the residence in a tidy fashion. The monthly rent at the time appellant moved out of the residence was $810: CMHA paid $703, and appellant was responsible for the remaining $107.

{¶ 6} Appellant did not move out of the apartment on January 31, 2019, due to freezing temperatures. Although Rossi and her husband James were out of town at the time, they learned that appellant did not move out of the apartment on January 31, 2019.

{¶ 7} Appellant eventually moved out of the apartment on February 6, 2019 — the day Rossi and James were scheduled to return from their travels. According to appellant, she "decided to take a few days to do extra cleaning and move out their belongings slowly while the weather remained dangerously low." Appellant's brief at 4. Rossi contacted CMHA and demanded payment of the full amount of rent for the month of February due to appellant's failure to vacate the apartment in a timely manner.

{¶ 8} Rossi inspected the apartment after appellant and Jeffrey moved out. On March 4, 2019, within 30 days of appellant vacating the apartment, Rossi sent written notice to appellant identifying and itemizing nine deductions from appellant's security deposit. Rossi's written notice contained a narrative section and an itemized list of deductions Rossi identified as exceeding normal wear and tear of appellant's occupancy.

**{¶ 9}** The narrative section of the March 4, 2019 letter provides, in relevant part,

> Below is an itemized listing of charges against your deposit of $650.00 for the above property you resided in. When you requested to put your washer and dryer in the kitchen at our home, we agreed and you promised to have the plumbing and electric removed and everything put back the way it was. You failed to do this and we had to hire people to take care of this. Also, your son, Jeff, left a note that he broke a large hole in the plaster in his bedroom and did not have the skill to fix it, but left a piece of drywall for us to fix. We had to hire someone to take care of that as well. The apartment was not cleaned very well. The dog odor in the two bedrooms is overpowering and we will have to clean it with enzymes to get rid of the smell. The overall cleaning of ceiling fans, wood floors, walls, windows, etc. was not satisfactory and we are hiring someone to get the place completely clean. Besides that, cigarette smoking was prohibited in the house and your son left cigarette butts in windows, toilet, in the basement, in the hallway, and all around the yard. Furniture that was moved out the front door left huge scratches in the woodwork. All this was unnecessary. Also, we did not get possession of the property back until February 7, 2019, which made you responsible for February 2019 rent in full. CMHA paid $703.00 for their portion.

**{¶ 10}** The itemized list in the March 4, 2019 letter identified the following nine deductions: (1) rent not paid by appellant for February 2019, $107; (2) electrician labor for 220-v line for dryer, $150; (3) removal of plumbing in kitchen for washer, $100; (4) cleaning of cigarette butts in yard, $25; (5) cleaning of entire suite (including carpet), $200; (6) new door stopper on front screen door, $19.47; (7) Howard restor-a-finish, $10.80; (8) screening for kitchen screen, $10.15; and (9) Bubba's pet stain and odor remover, $28.11. The total for these nine deductions was $750.53. Because appellant's security deposit was $650, Rossi demanded appellant tender payment of the outstanding balance of $100.53.

{¶ 11} On March 13, 2019, appellant filed a small claims complaint against Rossi in the Lakewood Municipal Court. Appellant sought to recover the value of the security deposit appellant alleged that Rossi wrongfully withheld. Appellant conceded that Rossi was justified in deducting appellant's share of the February 2019 rent and the cost of repairing the kitchen screen. However, appellant disputed the remaining seven itemized deductions identified in Rossi's March 4, 2019 written notice. Appellant requested an award of twice the amount of the security deposit that was wrongfully withheld by Rossi.

{¶ 12} Rossi filed a counterclaim against appellant on March 26, 2019. In her counterclaim, Rossi sought to recover damages from appellant for the following three additional items that were not identified or itemized in Rossi's March 4, 2019 written notice: (1) Quick Shine for wooden floors, $10.80; (2) wooden dowels to repair holes from plumbing, $1.89; and (3) labor for drywall and refinishing hole in bedroom wall, $50. The total of the three additional damages Rossi sought to recover in her counterclaim was $62.69, bringing the total amount of damages Rossi sought to recover from appellant to $813.22. Because she retained the $650 security deposit, Rossi sought to recover the outstanding balance of $163.22 from appellant.

{¶ 13} On April 24, 2019, a hearing was held before a magistrate on appellant's complaint and Rossi's counterclaim. Appellant and Jeffrey testified on behalf of the plaintiffs. Rossi, James, and Rossi's cleaning lady and family friend Marie Bright testified on behalf of the defense.

**{¶ 14}** Following the hearing, the magistrate issued a report on April 29, 2019, recommending that judgment be entered in favor of Rossi — both on appellant's complaint and Rossi's counterclaim. In addition to the $650 security deposit that Rossi had retained, the magistrate recommended that an additional $1.27 be awarded to Rossi. The magistrate concluded that "no amount of the security deposit was wrongfully withheld: the defendant landlord was justified in withholding all of the security deposit."

**{¶ 15}** Appellant filed objections to the magistrate's report on May 10, 2019. The record reflects that appellant failed to obtain a transcript of the magistrate's hearing or provide the transcript to the trial court in support of her objections to the magistrate's decision.

**{¶ 16}** On May 15, 2019, the trial court overruled appellant's objections and adopted the magistrate's decision. The trial court's judgment entry provides, in relevant part:

> The court has reviewed the plaintiff's objections, the magistrate's report and the exhibits submitted by the parties at the hearing before the magistrate. Although the plaintiff disputes the testimony provided by the parties at the hearing, the plaintiff did not submit a copy of the transcript of the hearing for the court to review the testimony, as is required by Civil Rule 53. While the court recognizes that the plaintiff is not an attorney and has the right to represent herself, the plaintiff is still required to comply with the rules of court requiring a transcript to be filed.
>
> The plaintiff does not assert that the magistrate improperly admitted or excluded evidence at the hearing. Rather, the plaintiff merely asserts that she is not satisfied with the magistrate's recommendation. Mere dissatisfaction, by itself, is not grounds for an additional hearing.

The magistrate, as the trier of fact, has the opportunity to observe the witnesses during the hearing and resolve disputed evidence. Credibility of witnesses is generally left to the trier of fact. In the absence of any specific objections to the evidence submitted, when the record otherwise supports the magistrate's recommendation, it should not be amended.

Based upon the forgoing, the court finds that the plaintiff's objections to the magistrate's report are not well taken and are therefore overruled. The court further finds that the report of the magistrate is supported by credible, substantial and probative evidence. Accordingly, the recommendation of the magistrate is adopted as the judgment of the court and judgment is entered in favor of the defendant on the plaintiff's complaint. Judgment is also entered in favor of the defendant and against the plaintiff on the defendant's counterclaim in the amount of $1.27, with interest at a rate of five per cent (5.0%) per annum from entry of judgment. The costs of this action are assessed against the plaintiff.

{¶ 17} On June 13, 2019, appellant filed, in the Lakewood Municipal Court, (1) a notice of appeal and an affidavit of indigency, and (2) a request for a transcript of the magistrate's hearing. Appellant contends that she was informed at this time that the affidavit of indigency only covered the cost of filing the appeal, not the cost of obtaining the transcript. According to appellant, she was advised by a representative of the clerk's office that she needed to file a motion requesting that the audio recording of the magistrate's hearing be transcribed by a court reporter.

{¶ 18} On June 14, 2019, the trial court agreed to provide an audio recording of the magistrate's hearing to appellant, but held that appellant was not entitled to have the audio recording transcribed at the taxpayers' expense in a civil case.[2]

{¶ 19} Appellant's notice of appeal was filed in this court on June 17, 2019.

---

[2] In its judgment entry, the trial court cited *Stewart v. Hickory Hills Apts.*, 2015-Ohio-5046, 52 N.E.3d 259 (9th Dist.).

{¶ 20} On August 2, 2019, appellant filed a second motion in Lakewood Municipal Court to have the audio recording of the magistrate's hearing transcribed. On August 8, 2019, the trial court denied appellant's second motion f0r a transcript, indicating that it had previously provided the audio recording of the magistrate's hearing to appellant and waived the fee for the copy.

{¶ 21} On August 12, 2019, appellant filed a third motion in the Lakewood Municipal Court to have the audio recording of the magistrate's hearing transcribed. On August 13, 2019, the trial court appointed a court reporter to transcribe the audio recording of the magistrate's hearing and ordered appellant to bear the expense of preparing the transcript.   Appellant filed the transcript with this court on September 11, 2019.

{¶ 22} In this appeal, appellant challenges the trial court's judgment overruling her objections and adopting the magistrate's decision in favor of Rossi. Appellant assigns five errors for review:

> I.  The trial court violated the appellant's due process and abused its discretion when denying the plaintiff's motion for reconsideration and three subsequent requests and motions for the transcript of the magistrate's hearing.  And when writing in the final appealable order [May 15, 2019 judgment entry] that "plaintiff failed to obtain a transcript of the hearing as required by Civil Rule 53."
>
> II.  The decision rendered in the final appealable order when writing that "the plaintiff does not assert that the magistrate improperly admitted or excluded evidence at the hearing, rather the plaintiff merely asserts that she is not satisfied with the magistrate's recommendation" was reversible error.
>
> III.  The ruling of the trial court as to the itemization "electrician labor for 220 line for dryer" and "removal of plumbing in kitchen for washer" was against the manifest weight of the evidence.

IV. The ruling of the trial court as to the itemization "cleaning of entire suite including carpeting" was contrary to Ohio law and the testimony of the Rossi and her witness was against the manifest weight of the evidence.

V. The trial court's failure to dismiss the portions of the itemized list of deductions that were brought in error or the portions that were added on past the time allowable by law was an abuse of discretion and a violation of the appellant's due process.

## II. Law and Analysis

## A. Scope of Appeal

{¶ 23} As an initial matter, we note that appellant raises several arguments pertaining to factual and evidentiary issues in challenging the trial court's judgment. These arguments require this court to review the transcript of the magistrate's April 24, 2019 hearing. Appellant failed to file a transcript of the magistrate's hearing in support of her objections to the magistrate's decision, as required by Civ.R. 53(D)(3)(b)(iii).

{¶ 24} Civ.R. 53(D)(3)(b)(iii) provides,

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), *shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding* or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(Emphasis added.)

{¶ 25} Based on appellant's failure to file the transcript with her objections, this court is not permitted to review or rely upon the transcript of the magistrate's hearing in this appeal. "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. Franklin No. 11AP-962, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. Franklin Nos. 11AP-64 and 11AP-282, 2011-Ohio-5616; *Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, 937 N.E.2d 177, ¶ 10 (2d Dist.). "'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 26} The record before this court contains a transcript of the magistrate's hearing. The record before the trial court when the court overruled appellant's objections and adopted the magistrate's decision, however, did not contain a transcript of the magistrate's hearing. Because appellant failed to provide the trial court with a transcript of the magistrate's hearing, our review is "limited to whether the trial court abused its discretion in adopting" the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995), citing *High v. High*, 89 Ohio App.3d 424, 624 N.E.2d 801 (3d Dist.1993). In other words, in an appeal under these circumstances, an appellate court can review the trial court's judgment to determine whether the trial court's application of the

law to its factual findings constituted an abuse of discretion. *Id.*, citing *Krause v. Krause*, 8th Dist. Cuyahoga No. 66809, 1995 Ohio App. LEXIS 1687 (Apr. 27, 1995).

{¶ 27} Accordingly, appellant's factual and evidentiary arguments that require reviewing the transcript of the magistrate's hearing are summarily overruled. The trial court did not have the transcript of the magistrate's hearing when the court overruled appellant's objections and adopted the magistrate's decision, and this court cannot consider the transcript in this appeal. As a result, we are unable to conclude that the trial court's decision overruling appellant's objections and adopting the magistrate's decision with respect to these factual and evidentiary issues was arbitrary, unreasonable, or unconscionable.

{¶ 28} Having established the scope of this appeal and the evidence in the record this court is permitted to consider, we will address appellant's arguments that are not dependent upon the transcript of the magistrate's hearing and do not require this court to review the transcript.

### B. May 15, 2019 Judgment Entry

{¶ 29} Appellant's first and second assignments of error pertain to the trial court's May 15, 2019 judgment entry overruling appellant's objections and adopting the magistrate's decision.

### 1. Transcript of Magistrate's Hearing

{¶ 30} In her first assignment of error, appellant appears to argue that the trial court, in reviewing appellant's objections to the magistrate's decision, erred by

"ruling that [she] failed to obtain a transcript of the magistrate[']s hearing[.]" Appellant's brief at 11.

{¶ 31} As an initial matter, the trial court's statement in its judgment entry that appellant did not file a transcript of the magistrate's hearing is not a ruling. Appellant appears to presume that the trial court overruled her objections to the magistrate's decision based solely on the fact that appellant failed to file a transcript of the magistrate's hearing in support of her objections. This argument is unsupported by the record. As noted above, in considering appellant's objections to the magistrate's decision, the trial court reviewed appellant's objections, the magistrate's report, and the exhibits submitted by the parties during the magistrate's hearing.

{¶ 32} Appellant concedes that on August 13, 2019, the trial court granted appellant's motion to have the audio recording of the magistrate's hearing transcribed for purposes of this appeal.

{¶ 33} Appellant appears to argue that when she filed her objections to the magistrate's decision on May 10, 2019, she spoke with a representative of the clerk of court's office and was purportedly misinformed about the process of filing a motion for a transcript of the magistrate's hearing. Appellant incorporates quotations of statements purportedly made by the representative of the clerk's office in her appellate brief. Appellant has failed to provide any independent evidence, such as an affidavit, corroborating the advice she allegedly received from the clerk's office.

{¶ 34} Appellant also cites Rule 19 of the Lakewood Municipal Court, governing "record of proceedings," and acknowledges that she was aware of this rule at the time she filed her objections to the magistrate's decision. The record reflects that appellant failed to file a motion, in compliance with Rule 19, to have the audio recording of the magistrate's hearing transcribed prior to, or in support of her objections to the magistrate's decision.

{¶ 35} This court has previously recognized,

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7.

{¶ 36} Appellant was aware of Rule 19 at the time she filed her objections to the magistrate's decision. Had appellant filed a motion to have the audio recording of the magistrate's hearing transcribed, in compliance with Rule 19, she could have obtained a transcript and submitted the transcript in support of her objections to the magistrate's decision. Appellant failed to do so. Assuming, arguendo, that appellant was misinformed by the representative of the clerk's office, as appellant contends, she should have followed the procedure set forth in Rule 19 rather than relying on the clerk's purported advice.

{¶ 37} Appellant acknowledges that her appellate brief is more detailed than her objections to the magistrate's decision because she "did not have the transcript for resource and [her] attempt to obtain the transcript was rebuffed by the clerk's office." Appellant's brief at 37. As noted above, Civ.R. 53(D)(3)(b)(iii), provides, in relevant part, that objections to a magistrate's factual finding "*shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding*[.]" (Emphasis added.) The transcript of the magistrate's hearing was undoubtedly necessary to support appellant's objections regarding the testimony adduced during the magistrate's hearing and the magistrate's credibility determinations. Appellant failed to submit a supporting transcript.

{¶ 38} Based on the foregoing analysis, we find no basis upon which to conclude that appellant's due process rights were violated. Appellant's first assignment of error is overruled.

## 2. Magistrate's Evidentiary Rulings

{¶ 39} In her second assignment of error, appellant appears to argue that the trial court committed reversible error by determining that in appellant's objections to the magistrate's decision, appellant merely disagreed with the magistrate's recommendation rather than challenging any of the magistrate's evidentiary rulings.

{¶ 40} The trial court's May 15, 2019 judgment entry provides, in relevant part, "[appellant] does not assert that the magistrate improperly admitted or excluded evidence at the hearing. Rather, [appellant] merely asserts that she is not

satisfied with the magistrate's recommendation. Mere dissatisfaction, by itself, is not grounds for an additional hearing."

{¶ 41} Appellant argues that in her objections to the magistrate's decision, she did, in fact, argue that the magistrate erred by improperly excluding evidence. As noted above, we summarily overrule appellant's arguments involving evidentiary issues because the transcript of the magistrate's hearing is not properly before this court. Because appellant failed to submit a transcript of all the evidence submitted during the magistrate's hearing in support of her objections to the magistrate's decision, the trial court did not have an adequate record upon which to determine whether the magistrate erred in excluding the evidence referenced in appellant's objections.

{¶ 42} Nevertheless, the record reflects that although appellant appeared to argue that the magistrate erred by excluding a note, photographs of the basement and toilet, and video of Jeffrey returning the apartment keys, the crux of appellant's objections to the magistrate's decision were that the trial court erred in finding the testimony of Rossi and James to be more credible than the testimony of appellant and Jeffrey. Accordingly, the trial court did not commit reversible error by determining that appellant disagreed with the magistrate's credibility determinations and recommendation that judgment be entered in favor of Rossi.

{¶ 43} Finally, appellant appears to argue that in her objections, she asserted that the magistrate erred by improperly applying "established law and precedent where a transcript would not be necessary including O.R.C. 5321 as well as decisions

in [*Smith v. Padgett*, 32 Ohio St.3d 344, 513 N.E.2d 737 (1987)] as well as [*Nolan v. Sutton*, 97 Ohio App.3d 616, 647 N.E.2d 218 (1st Dist.1994)]." Appellant's brief at 14. Regarding *Smith* and *Nolan*, appellant does not argue how the magistrate or the trial court misapplied these holdings. Regarding R.C. Chapter 5321, governing landlord-tenant relationships, appellant does not identify what statutes the magistrate or trial court erred in applying, or how the statutes were improperly applied.

{¶ 44} "The appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below." *Davis v. Wesolowski*, 8th Dist. Cuyahoga No. 108606, 2020-Ohio-677, ¶ 29, citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955. App.R. 16(A)(7) provides that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

{¶ 45} In this appeal, appellant has failed to demonstrate how the magistrate or the trial court erred in applying R.C. Chapter 5321 or the holdings in *Smith* and *Nolan*. It is not this court's duty to find and articulate legal authority to support an appellant's assigned error. *See Inner City Living, Inc. v. Ohio Dept. of Dev. Disabilities*, 2017-Ohio-8317, 87 N.E.3d 253, ¶ 16 (8th Dist.). We decline to construct an argument on appellant's behalf.

{¶ 46} Appellant's second assignment of error is overruled.

## C. Manifest Weight

{¶ 47} Appellant's third and fourth assignments of error pertain to the deductions that were taken from the $650 security deposit. Appellant contends that the trial court's judgment regarding the deductions was against the manifest weight of the evidence.

{¶ 48} Our ability to fully review appellant's third and fourth assignments of error is hampered based on appellant's failure to file a transcript of the magistrate's hearing in support of her objections to the magistrate's decision. By failing to file a transcript, appellant has waived all but plain error. *See Foster v. Wells-Sowell*, 8th Dist. Cuyahoga No. 103062, 2016-Ohio-4558, ¶ 10. After reviewing the record, we find no error, plain or otherwise, regarding the deductions from appellant's security deposit.

### 1. Dryer and Washer Deductions

{¶ 49} In her third assignment of error, appellant argues that the trial court erred by awarding $250 in damages to Rossi in relation to the plumbing and electrical work and removal of the 220-volt line that had been installed for the washer and dryer in appellant's kitchen, and erred by determining that the testimony of Rossi and James was more credible than the testimony of appellant

and Jeffrey.  Appellant contends that the trial court's findings are against the manifest weight of the evidence.

{¶ 50} Even if appellant had filed a transcript in support of her objections to the magistrate's decision, the record reflects that appellant is primarily challenging the magistrate's credibility determinations during the hearing.

> In assessing the credibility of witnesses, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). "The fact finder is free to believe all, part, or none of the testimony of each witness appearing before it." *State v. Caraballo*, 8th Dist. Cuyahoga No. 89775, 2008-Ohio-5248, citing *Warren v. Simpson*, 11th Dist. Trumbull No. 98-T-0183, 2000 Ohio App. LEXIS 1073 (Mar. 17, 2000).

*Foster* at ¶ 12.

{¶ 51} After reviewing the record, we find no basis upon which to conclude that the trial court abused its discretion in awarding the $250 deduction to Rossi for the dryer and washer connections that included assembly of the 220-volt line, electrical and plumbing work, and repairing the hole in the kitchen floor.  Appellant did not file a transcript of the magistrate's hearing in support of her objections, and as a result, the trial court did not abuse its discretion or commit plain error in adopting the magistrate's determination that the testimony of Rossi and James was more credible than Jeffrey's testimony.  Appellant's third assignment of error is overruled regarding the $250 deductions pertaining to the washer and dryer connections.

**{¶ 52}** Appellant also appears to argue in her third assignment of error that the magistrate erred or abused its discretion in its questioning of James and displayed a clear bias in favor of Rossi. Appellant does not assign a separate error regarding her judicial bias claim. *See* App.R. 16(A)(7). Nevertheless, this argument is summarily overruled because it is entirely dependent upon the transcript of the magistrate's hearing.

## 2. Cleaning Deductions

**{¶ 53}** In her fourth assignment of error, appellant argues that the trial court erred in awarding $200 to Rossi for cleaning of the entire apartment and carpet cleaning. Appellant contends that the trial court's judgment in favor of Rossi for the cleaning deduction was against the manifest weight of the evidence.

**{¶ 54}** As noted above, based on appellant's failure to file a transcript of the magistrate's hearing in support of her objections, we summarily overrule appellant's manifest challenge to the cleaning deduction as it pertains to the testimony adduced at the magistrate's hearing. We will address appellant's fourth assignment of error as it pertains to Rossi's March 4, 2019 letter.

**{¶ 55}** Appellant contends that Rossi failed to sufficiently itemize the cleaning deduction pursuant to R.C. 5321.16(B), governing security deposits, which provides,

> Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any

deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

{¶ 56} Appellant argues that Rossi listed a blanket charge of $200 for cleaning without specifying, other than the carpet, what items needed to be cleaned, and as a result, appellant had no way of knowing whether she was charged "for cleaning that would be considered normal wear and tear[.]" Appellant's reply brief at 8. Appellant further contends that Rossi failed to sufficiently and individually itemize every area of the apartment that required cleaning. In support of her argument, appellant directs this court to *Nolan*, 97 Ohio App.3d 616, 647 N.E.2d 218, where the First District held that the landlord's itemized deduction for "$40-cleaning" was insufficient as a matter of law to meet the requirements under R.C. 5321.16(B).

{¶ 57} In this case, Rossi's cleaning deduction was itemized as "cleaning of entire suite (including carpet)." As noted above, the narrative section of Rossi's March 4, 2019 letter provided, in relevant part, "[t]he apartment was not cleaned very well. The dog odor in the two bedrooms is overpowering and we will have to clean it with enzymes to get rid of the smell. The overall cleaning of ceiling fans, wood floors, walls, windows, etc. was not satisfactory and we are hiring someone to get the place completely clean." Accordingly, unlike *Nolan* where the landlord did

not specify or expound upon the deduction for "cleaning," Rossi provided a detailed description of the cleaning deduction in her March 4, 2019 written notice.

{¶ 58} To the extent that appellant contends that the trial court failed to deduct the cost of replacing the furnace filter or the deduction for shining of the wooden floors from the $200 cleaning deduction, this argument is misplaced. Rossi's March 4, 2019 letter did not include a deduction for a replacement filter. Furthermore, Rossi's supplemental deduction for "[Q]uick [S]hine for wood floors," totaling $10.80, was not awarded to Rossi, either by the magistrate or the trial court.

{¶ 59} After reviewing the record, we find that Rossi complied with R.C. 5321.16(B) in identifying and itemizing the deduction for cleaning in her March 4, 2019 letter.  Accordingly, we find no basis upon which to conclude that the trial court abused its discretion in awarding $200 to Rossi for cleaning the entire apartment and carpeting.  Appellant's fourth assignment of error is overruled.

### D. Rossi's Counterclaim

{¶ 60} In her fifth assignment of error, appellant argues that the trial court abused its discretion and violated appellant's due process rights by entering judgment in favor of Rossi on Rossi's counterclaim for damages to the apartment because the damages Rossi sought to recover in her counterclaim were imposed after-the-fact and fell outside of the 30-day time frame set forth in R.C. 5321.16(B).

{¶ 61} As an initial matter, appellant presumes that the original nine deductions in Rossi's March 4, 2019 letter and the three additional damages set forth in Rossi's counterclaim were both governed by and subject to the 30-day time frame

under R.C. 5321.16(B). Appellant has failed to cite to any legal authority in support of her assertion that a landlord cannot file a claim against a tenant for damages to the rental property unless the claim is filed or the tenant is notified in writing of the claim for damages within 30 days of the termination of the rental agreement. Put another way, appellant has failed to identify any legal authority that establishes that a landlord waives or forfeits the ability to recover damages from a tenant unless the landlord provides written notice of the damages to the tenant within 30 days. The case law does not support appellant's position. *See Wesolowski*, 8th Dist. Cuyahoga No. 108606, 2020-Ohio-677, at ¶ 22, citing *Sherwin v. Cabana Club Apts.*, 70 Ohio App.2d 11, 18, 433 N.E.2d 932 (8th Dist.1980) (a landlord's requirement to comply with R.C. 5321.16(B), including the 30-day written notice requirement for security deposit deductions, is separate and distinct from any claim a landlord may have for damages to the premises. Even if the landlord fails to comply with R.C. 5321.16(B), the landlord is not precluded from asserting a claim against a tenant for damage to the property pursuant to R.C. 5321.05 and 5321.12).

{¶ 62} Appellant argues that Rossi had not purchased most of the items that were deducted from the security deposit in the itemized list and Rossi did not have receipts, only screenshots from online retailers, for any of the items that were deducted. Appellant fails to cite to any authority that requires a landlord to purchase or replace items that were deducted from a security deposit within a specific time frame.

{¶ 63} As noted above, Rossi's original written notice, which she mailed to appellant on March 4, 2019, contained nine identified and itemized deductions from appellant's security deposit. In her counterclaim, filed on March 26, 2019, Rossi sought to recover damages from appellant for the following three items in the apartment: (1) the wooden dowels to repair the hole in the kitchen floor, (2) the new door stopper on the front screen door, and (3) pet stain and odor remover. Regarding the three additional deductions Rossi sought to recover in her counterclaim, Rossi claimed that she overlooked these deductions when she sent the original itemized list to appellant on March 4, 2019.

{¶ 64} Appellant argues the $28.11 deduction for Bubba's pet stain and odor remover was a duplicate deduction because the $200 cleaning deduction also contemplated cleaning of the bedroom carpeting. Appellant's argument is misplaced and unsupported by the record.

{¶ 65} When the narrative section and itemized list from the March 4, 2019 letter are read together, it is evident that the deductions for cleaning and the pet stain and odor remover were not duplicate deductions. The $200 cleaning deduction pertained to cleaning the carpeting and cleaning the entire apartment, including, but not limited to, "ceiling fans, wood floors, walls, windows, etc." Rossi documented the carpet stains that required cleaning and presented the photographs to the magistrate. The $28.11 deduction for Bubba's pet stain and odor remover pertained to alleviating the "overpowering" dog smell and the smell of dog urine, which would not necessarily be alleviated by general cleaning.

{¶ 66} For all of the foregoing reasons, the trial court did not abuse its discretion in entering judgment in Rossi's favor on her counterclaim, and the trial court's judgment did not violate appellant's due process rights. Appellant's fifth assignment of error is overruled.

### III. Conclusion

{¶ 67} After thoroughly reviewing the record, we affirm the trial court's judgment. The trial court did not abuse its discretion in overruling appellant's objections and adopting the magistrate's decision in favor of Rossi.

{¶ 68} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR